**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **REMY AUGUSTIN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No.  CIV-09-465-F |
| **UNITED STATES BUREAU OF** ) | |
| **PRISONS,** ) | |
| ) | |
| **Defendant.** ) | |

## REPORT AND RECOMMENDATION

Plaintiff, a federal prisoner appearing pro se, brings this action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), alleging that officials of the Bureau of Prisons (BOP) housed him in proximity to another inmate who had previously assaulted him, resulting in another assault. Complaint, att. "Affidavit of Support to Claim." [Doc. 1-2].  Pursuant to an order entered by United States District Judge Stephen P. Friot, the matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Upon conducting an initial review of the complaint, the undersigned finds that the action should be dismissed upon filing for failure to state a claim, but with leave to amend.

The three-count complaint alleges "malfeasance and misfeasance," cruel and unusual punishment in violation of the Eighth Amendment, and "negligence and negligent supervision." Complaint, p. 1-3. Plaintiff claims that the "defendants" also violated his right to "safekeeping" under 18 U.S.C. § 4042(a)(2).

In Bivens, the Supreme Court recognized an action for money damages against a federal officer in his or her individual capacity who abuses his or her constitutional authority. Correctional Servs. Corp. v. Malesko, 534 U.S. 61, 66 (2001). The purpose of Bivens is to deter individual federal officers from committing violations of an individual's constitutional rights. Malesko, 534 U.S. at 70. Bivens claims are only cognizable against federal officials, individually. Thus, Plaintiff cannot pursue a Bivens claim against the BOP (or federal officials in their official capacity). Malesko, 534 U.S. at 72; see also Simmat v. United States Bureau of Prisons, 413 F.3d 1225, 1231 (10th Cir. 2005) ("[A] Bivens claim lies against the federal official in his individual capacity - not, as here, against officials in their official capacity."). Accordingly, Bivens does not provide an avenue for Plaintiff's claim against the BOP, and since the BOP is the sole named Defendant, the complaint is subject to dismissal.[1]

Moreover, Plaintiff has alleged only that BOP officials were negligent in failing to see that he and the other inmate were kept separate. These allegations are insufficient to state a claim under Bivens even if a proper defendant had been named. To state a claim for violation of constitutional rights, a plaintiff must allege more than mere negligence or even gross negligence. See Farmer v. Brennan, 511 U.S. 825, 835 (1994); Whitley v. Albers, 475 U.S. 312, 319 (1986); Estelle v. Gamble, 429 U.S. 97, 102 (1976). It is a "prison official's deliberate indifference to a substantial risk of serious harm to an inmate" which violates the

---

[1] Plaintiff does not purport to bring a claim under the Federal Tort Claims Act (FTCA), but such a claim would be subject to dismissal in any event as the BOP is not a proper defendant in an FTCA action. Oxendine v. Kaplan, 241 F.3d 1272, 1275 n.4 (10th Cir. 2001) (FTCA effects limited waiver of federal government's sovereign immunity for certain negligent acts by federal employees, but United States is only proper defendant in such an action).

Eighth Amendment. <u>Farmer</u>, 511 U.S. at 828. In addition, although Plaintiff alleges "negligent supervision," government officials are not vicariously liable for the misconduct of their subordinates. <u>See</u> <u>Kite v. Kelley</u>, 546 F.2d 334, 337 (10th Cir.1976) ( holding in a <u>Bivens</u> action that "before a superior may be held for acts of an inferior, the superior, expressly or otherwise, must have participated or acquiesced in the constitutional deprivations").

In light of the foregoing, it is recommended that the complaint be dismissed without prejudice, but that Plaintiff be allowed to file an amended complaint within twenty (20) days of any order adopting this Report and Recommendation. <u>Reynoldson v. Shillinger</u>, 907 F.2d 124, 126 (10th Cir.1990) (stating that dismissal without prejudice should result when a pro se litigant's pleading defects are potentially curable).

## **RECOMMENDATION**

For the reasons set forth above, it is recommended that Plaintiff's complaint be dismissed without prejudice for failure to state a claim, but that Plaintiff be allowed to file an amended complaint within twenty (20) days of any order adopting this Report and Recommendation. Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by August 17, 2009, in accordance 28 U.S.C. § 636 and Local Civil Rule 72.1. Plaintiff is further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. <u>Moore v. United States</u>, 950 F. 2d 656 (10th Cir. 1991). This Report and Recommendation disposes of all issues referred to the Magistrate Judge in this

matter. The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the United States Attorney for the Western District of Oklahoma.

**Entered this 27th day of July, 2009.**

_____
DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE